**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**TIE-LEI LIU AND
XIAO-DONG CHEN, M.D.**                                                              **PLAINTIFFS**

VS.                             NO.  4:08CV000415

**BECCA MEHLIN, A.N.P., AND
LITTLE ROCK GYNECOLOGY ASSOCIATES, INC.,
AND KAREN J. KOZLOWSKI, M.D.**                                   **DEFENDANTS**

**ORDER**

Pending are Plaintiffs' motion in limine, challenging the constitutionality of Ark. Code Ann. §16-55-212(b) which limits the evidence of damages for the costs of medical care to those costs "actually paid by or on behalf of the plaintiff. . . . ", (docket # 19), and Defendants' third motion in limine seeking to limit the admissibility of Plaintiffs' medical costs to those allowed by Ark. Code Ann. §16-55-212(b), (docket # 25).

Plaintiffs argue that the Civil Justice Reform Act of 2003 is unconstitutional in that it violates Article V, section 32 of the Arkansas Constitution and Amendment 80 to the Arkansas Constitution because the statute infringes on the Plaintiffs' right to complete compensation for personal injury and infringes on the powers of the Arkansas Supreme Court to set rules of civil procedure. Specifically, Plaintiffs claim that Ark. Code Ann. §16-55-212 changed the collateral-source rule.

Relying on *Shipp v. Franklin*, 370 Ark. 262, 258 S.W.3d 744 (Ark. 2007), this Court has previously declined to find the statute unconstitutional and will not do so now.  Plaintiffs will be allowed to introduce only those medical costs which are admissible pursuant to Ark. Code Ann. §16-55-212(b).

Plaintiffs also seek to exclude any reference to any payment of medical expenses by a collateral source; the fact that Plaintiff Tie-Lie Liu has had an abortion, and the fact that Plaintiffs' expert witness, Carlos Hleap has a pending DUI charge against him in the State of New York. Plaintiffs' motion is granted as to payments made by collateral sources.  The Court finds Plaintiff's complete medical history with regard to abortions to be relevant and its probative value outweighs any prejudicial effect, accordingly, Plaintiffs' motion is denied as to the fact that Plaintiff, Tie-Lei Liu has had an abortion.  Defendants state that the DUI charge against Dr. Hleap resulted in a conviction and have requested a copy of the judgment in that case.  The Court will address the admissibility of this charge or conviction at the time of trial.

Accordingly, Plaintiffs' motion in limine, docket # 19 is granted in part and denied in part. Defendants' third motion in limine, docket #25 is granted.  In accordance with this ruling, Plaintiffs' objection to the portion of the deposition of Dr. Frazier, recounting Plaintiff Liu's reproductive history, is overruled.

IT IS SO ORDERED this 28th day of April, 2009.

_____
James M. Moody
United States District Judge